# ALLIS v. LUDWIG & LUDWIG 705

24 F.(2d) 705

and respondent appeals. Reversed and remanded.

Geo. H. Terriberry and Walter Carroll, both of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellant.

Edwin T. Merrick, Ralph Schwarz, and Morris B. Redmann, all of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

24 F.(2d)—45

---

## ALLIS v. LUDWIG & LUDWIG.

Circuit Court of Appeals, Seventh Circuit.
February 16, 1928.

### No. 3977.

Patents ⬤⟶328—1,055,998, claim 3, for telescopic insect killer, if valid, held not infringed.

Claim 3 of patent No. 1,055,998, for telescopic insect killer, if valid, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Louis Allis against Ludwig & Ludwig. From a decree of dismissal, plaintiff appeals. Affirmed.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., for appellant.

Alexander C. Mahee, of Chicago, Ill., for appellee.

Before ALSCHULER and PAGE, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge. Appellant seeks reversal of a decree dismissing for want of equity appellant's bill charging infringement of claim 3 of United States pat-

ent No. 1,055,998, 1913, to Allis and Wiens, upon a fly killer. The District Court in its opinion held the claim invalid. The claim is:

"3. A telescopic insect killer comprising a hollow handle having an open head, a slidable plug mounted in the handle having a flattened end, and a plurality of strands extending from the flattened end of the plug, their free ends being adapted to spread into fanlike form when the plug is moved in one direction and to contract within the head when the plug is moved in the opposite direction."

Fig. 1 of the patent shows the device it described.

It shows the instrument with the strands extended and spread ready for use. The alleged novelty is its adaptability to being thus spread for use, and when not in use the strands being drawn back so they will be wholly within the tubular handle. There is shown, as the means for spreading the strands as they are moved out of the tube, a spiral wire, 9, 10, arranged in the fanlike head at the upper end of the tube, with groups of the strands extending through the several rings of the spiral, so that as the strands are pushed forward they are caused to spread, and when brought back to contract. That this spreading means is essential to the invention is apparent from the concluding lines of the description, which are: "And furthermore while we have shown and described a coiled wire section as a spreader, that pins, teeth, or similar articles may be utilized for separating tufts without departing from the spirit of our invention."

To the extent that claim 3 may be readable upon the construction which omits entirely a spreader device, it is wholly beyond the patent conception, and such a claim is either void, as found by the District Court, or, what is practically to same effect, must be restricted to what the patent shows, in which case it is not different in this respect from the other claims which embody the spreader element.

Devices showing tubelike handles to serve as containers of various brushlike elements which contract when drawn into the tube and spread when pushed out of it, are quite common in the art for the various uses to which they are adapted. United States patent, No. 53,923, 1866, to Herr, shows a stencil brush of this general nature; No. 207,-256, 1878, to Crane, a mucilage brush; and No. 783,937, 1905, to Edwards and Williams, an arrangement of wires for an abrading brush. While none of these shows spreading means beyond that which is afforded by the resiliency of the brush material—in most cases, resilient wires—appellee's structure shows only this and nothing more. The special spreading device or its equivalent is wholly absent. Even the fan shaped head is absent. Its device is resilient metal wires so set that when extended they normally and without aid of any mechanism spread in fanlike form with relation to each other, and when drawn into the tube the contact of the wires with the edges of the tube causes the strands to be drawn together and into the tube handle.

It is at least interesting, if not here important, to note that appellee's device, as in the main also appellant's, is marketed not for the purpose of killing flies, but for use as a drum beater.

The decree of the District Court is affirmed.