**BERKSHIRE KNITTING MILLS,**
Libellant,

v.

**MOORE–McCORMACK LINES, INC.,**
Respondent.

No. 62 Ad. 936.

United States District Court
S. D. New York.

Oct. 7, 1965.

Crowell, Rouse & Varian, New York City, for libellant, Francis J. Larkin, New York City, of counsel.

Burlingham, Underwood, Barron, Wright & White, New York City, for respondent, John S. Rogers, New York City, of counsel.

PALMIERI, District Judge.

This is a cargo damage action in which the libellant seeks partial summary judgment striking the partial defense in which respondent asserts that its liability, if any, is statutorily limited to an amount that may not exceed $500.00.

The pertinent undisputed facts are the following. Libellant engaged a trucker to haul two hosiery knitting machines, packed in four large wooden cases, to the respondent's pier in Philadelphia whence they were to be shipped on one of respondent's vessels to Buenos Aires. One of these wooden cases is the subject matter of this action. It contained one-half of a knitting machine, measured about 28½ feet in length, 4 feet 7 inches in width, 5½ feet in height and weighed about 11 tons. After the four cases were tendered for delivery to respondent by the trucker, and in the course of unloading the case in question from the truck by means of fork lift machines, the case was dropped to the floor of the pier, a distance of about 3 feet, and was damaged. At the time of this occurrence a dock receipt had been issued by respondent; and a bill of lading had been prepared by libellant's agent (freight forwarder) on respondent's form, but had not yet been signed or issued. The parties have stipulated that this bill of lading was to have been submitted to respondent by libellant or its agent for signing and issuance at or about the time the cases were to be loaded on board the designated vessel. The dock receipt included the following statement:

RECEIVED THE ABOVE DE-SCRIBED MERCHANDISE FOR SHIPMENT AS INDICATED HERE-ON, SUBJECT TO ALL TERMS, CONDITIONS AND EXCEPTIONS OF THE BILL OF LADING.

The bill of lading referred to in the dock receipt contained the following provisions:

1. This bill of lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States, approved April 16, 1936, which shall be deemed to be incorporated herein, and nothing herein contained shall be deemed a surrender by the Carrier of any of its rights or immunities or an increase of any of its responsibilities or liabilities under said Act. The provisions stated in said Act shall (except as may be otherwise specifically provided here) govern before the goods are loaded on and after they are discharged from the ship and throughout the entire time the goods are in the custody of the Carrier * * *

* * * * * *

17. In case of any loss or damage to or in connection with goods exceeding in actual value $500, lawful money of the United States, per package, or, in case of goods not shipped in packages, per customary freight unit, the value of the goods shall be deemed to be $500, per package or per customary freight unit, or pro rata in case of partial loss or damage, unless the nature of the goods and a valuation higher than $500 shall have been declared in writing by the shipper upon delivery to the Carrier and inserted in this bill of lading and extra freight paid if required and in such case if the actual value of the goods per package or per customary freight unit shall exceed such declared value.

By these provisions, the parties were bound by a cargo value limitation. The bill of lading provided that the value of the cargo shall be deemed to be $500.00 per package *unless* the shipper declares a higher value in writing upon delivery of the cargo *and* in the bill of lading.

The libellant urges that the limitation of value should be stricken because (1) the dock receipt is ambiguous and cannot be understood to incorporate the limiting terms of the unissued bill of lading and (2) the limitation provisions contained in the Carriage of Goods by Sea Act, 46 U.S.C. § 1301(e), are by their

terms restricted to the period between loading on and discharge from the ship.

 Libellant's arguments cannot be accepted. The dock receipt clearly incorporates the terms of the bill of lading. These terms became a part of the understanding between the parties upon issuance of the dock receipt. John Deere & Co. v. Mississippi Shipping Co., 170 F. Supp. 479 (E.D.La.1959). Libellant's reliance upon the different wording of the dock receipt in the case just cited does not support its contentions here. The same result can be effectively achieved by somewhat different language, and that is what was done here. Once incorporation is accomplished, the $500.00 value limitation is clear and unmistakable. The fact that the bill of lading had not yet been issued, did not alter the contractual relationship of the parties. The form of bill of lading was concededly known, and as a matter of common business experience in transactions of this nature both parties must be deemed bound by the terms it contained. And even had there been no dock receipt, the clear intention of the parties to be bound by the respondent's bill of lading form, even though later issued, was sufficient to require application of the limitation provisions. In Luckenbach S. S. Co. v. American Mills Co., 24 F.2d 705 (5th Cir. 1928), the parties were held bound by the terms of a bill of lading in customary form, though no paper at all was issued by the carrier except a memorandum acknowledging receipt of the goods to be shipped. See also Eastern Outfitting Co. v. Pacific Mail S. S. Co., 26 F.2d 270 (N.D.Cal.1928); The Caledonia, 43 F. 681, 685 (C.C.Mass.1890), aff'd, 157 U. S. 124, 15 S.Ct. 537, 39 L.Ed. 644 (1895). Other procedures well known in the trade, and apparent from the provisions of the bill of lading already quoted, were available to the libellant had an avoidance of value limitation been desired.

Libellant's motion for partial summary judgment is denied.

It is so ordered.